## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORYAL PERRY,<br>individually and on behalf all<br>others similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>L&J TRANSPORTATION COMPANIES, INC.<br><br>              Defendant. | Civil Action No. 2:24-cv-01538 |

## PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

13074518.1

## I. INTRODUCTION

Following completion of extensive written discovery and after arm's length settlement negotiations, Plaintiff Doryal Perry and Opt-in Plaintiffs Robert D'Abbene and Robert Mcelyea ("Plaintiffs") and Defendant L&J Transportation Companies, Inc. ("Defendant"), have entered into a Settlement Agreement that resolves the claims alleged in this matter.

Because the instant lawsuit has been settled as a collective action – albeit an extremely small one – judicial review is warranted in the absence of Third Circuit authority to the contrary. Plaintiffs seek one-step approval of this collective action settlement, consistent with the practices in this Court, and with the Third Circuit's recent affirmation that Federal Rule of Civil Procedure 23's procedures do not apply to FLSA collective actions. *See, e.g., Cepeda v. RDS Home CARE Inc.*, 2023 U.S. Dist. LEXIS 11820, at *1 (E.D. Pa. Jan. 23, 2023) (approving FLSA collective action settlement in a single step) (Kearny, J.); *see also Fischer v. Federal Express Corp.*, 42 F.4th 366, 377 (3rd Cir. 2022) (Rule 23's post-certification procedures are absent from the FLSA).

The proposed Settlement satisfies the criteria for approval of an FLSA collective action settlement because it is a fair and reasonable resolution of a *bona fide* dispute reached by counsel with extensive experience in complex employment law cases, and after arm's-length negotiations assisted by an experienced wage and hour mediator. Plaintiff submits that approval is warranted.

## II. PROCEDURAL BACKGROUND

Plaintiff Doryal Perry filed this collective action case against L&J in the United States District Court for the Eastern District of Pennsylvania on April 14, 2024, alleging minimum wage claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq* and the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 *et seq.;* claims for alleged unlawful deductions under the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1 *et seq.;* and claims for alleged

1

violation of the Truth-in-Leasing regulations. Dkt. 1. Plaintiff filed his Motion for Conditional Certification in July 2024 (Dkt. 13); the Parties thereafter stipulated to conditional certification of a collective of all delivery drivers who have worked for L&J during the past three years and who were classified as independent contractors which totaled 18 potential collective members (Dkt. 17). Opt-ins Robert D'Abbene and Robert Mcelyea filed consent forms to join this case. In the following months, the Parties exchanged written discovery relating to the Plaintiff and the Opt-ins, including thousands of pages of document production by L&J, and responses and production by each of the Plaintiff and Opt-ins. Following an extensive review of discovery and negotiations, the Parties have agreed to settle Plaintiffs' claims according to the terms of this Settlement Agreement.

## III.   THE TERMS OF THE SETTLEMENT

Pursuant to the settlement reached by the Parties, Defendant shall pay a gross settlement amount of $55,000.00 to resolve the three Plaintiffs' claims. Settlement Agreement (attached hereto as Exhibit A) ¶ 9(f). Each of the Plaintiffs will receive a Settlement Award as follows:

- $13,000.00 shall be paid to Plaintiff Doryal Perry
- $18,000.00 shall be paid to Plaintiff Mcelyea
- $2,500.00 shall be paid to Plaintiff D'Abbene

*Id.* ¶ 19. These settlement amounts are based on the Plaintiffs' respective length of time worked for Defendant, and the amount of deductions allegedly taken from their pay. *Id.* In addition, Plaintiff Doryal Perry, who initiated this case, will receive a service award of $5,000.00. *Id.* ¶ 9(h). Plaintiffs' Counsel will receive, subject to this Court's approval, an award of 30% of the Gross Settlement Amount, or $16,500.00 to compensate them for the work performed in this case, as well as out-of-pocket costs incurred in the course of the litigation. *Id.* ¶ 17. No portion of the Gross Settlement Amount will revert to Defendant. *Id.* ¶ 9(f).

In exchange for the consideration contained in the Settlement Agreement, Plaintiffs agree to release Defendant L&J and affiliated entities from any and all claims arising out of or related to the payment of wages and overtime and any deductions made to such wage payments during the time period covered by this case, including but not limited to, any claims Plaintiff and the Opt-Ins may have under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, Federal Truth in Leasing Regulations, common law theory, in equity, and other applicable state, federal, county or local wage ordinances, statutes or regulations, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses against any or all of the Released Parties. ¶¶ 9(l), 14.

## IV. ARGUMENT

### A. The Settlement May Be Approved In A Single Step

Because the instant lawsuit has been settled as a collective action, judicial review is warranted in the absence of Third Circuit authority to the contrary. Where, as here, there are no Rule 23 class action claims at issue, plaintiffs seeking approval of an FLSA collection action settlement pursuant to 29 U.S.C. § 216(b) are not subject to the same requirements applicable to settlements under Rule 23. Specifically, our Court of Appeals recently observed that, ("Unlike class actions, which cannot be settled without notice to absent class members under Rule 23(e), a collective action may be settled without notice to absentee members."). *Fischer*, 42 F.4th at 377 (citing McLaughlin on Class Actions § 2:16). Consistent with the above, courts within this District[1]

---

[1] *See also, e.g., Howard v. Nordic Consulting, Inc.*, No. 20-cv-5392, Dkt. No. 42 (E.D. Pa. Sept. 8, 2021) (Gallagher, J.) ("approving this settlement via a one-step process, as opposed to a two-step process" and collecting cases wherein "courts in this District have approved such settlements through a one-step process"); *Holbert v. Waste Mgmt., et al.*, No. 2:18-cv-02649, Dkt. No. 52 (E.D. Pa. Aug. 7, 2019) (Rufe, J.); *Trusty v. Mog Int'l, LLC, et al.*, No. 18-cv-4912, Dkt. No. 29 (E.D. Pa. May 31, 2019) (Sitarski, J.); *Williams v. Bethanna*, 2019 U.S. Dist. LEXIS 7350 (E.D. Pa. Jan.

have reviewed and approved FLSA collective settlements without first issuing notice to class members and conducting a final approval hearing. *See, e.g., Cepeda*, 2023 U.S. Dist. LEXIS 11820, at *1 (Kearney, J.). A one-step approval process is appropriate here.

### A.   The Court Should Approve the Settlement Agreement

The standard for approval of an FLSA collective action in the Third Circuit simply requires that a compromise reached is a "fair and reasonable" resolution of a *bona fide* dispute and furthers the purpose of the FLSA. *See Brumley v. Camin Cargo Control, Inc.*, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982)). The proposed Settlement meets this standard.

#### 1.   The Settlement Resolves a *Bona Fide* Dispute and is Fair and Reasonable

A proposed settlement resolves a *bona fide* dispute where its terms "reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute." *Lynn's Food*, 679 F.2d at 1355. "In essence, for a *bona fide* dispute to exist, the dispute must fall within the contours of the FLSA and there must be evidence of the defendant's intent to reject or actual rejection of that claim when it is presented." *Ogunlana v. Atl. Diagnostic Lab'ys LLC*, 2020 WL 1531846, at *3 (E.D. Pa. Mar. 31, 2020) (citation and quotation marks omitted). Relevant here, "a dispute concerning overtime pay owed to class members is precisely the type of dispute the FLSA is designed to address." *Id.* (citation and quotation marks omitted).

Here, the Parties disagreed on numerous legal and factual issues that would have impacted the case moving forward, including, but not limited to, the following:

1) whether Plaintiffs were properly classified as independent contractors;
2) whether Plaintiffs' pay fell below minimum wage in certain weeks, in violation of the FLSA and Pennsylvania law;

---

15, 2019) (Pappert, J.); *Santos v. El Gallito Mexican Bakery II LLC*, 2018 U.S. Dist. LEXIS 42363 (E.D. Pa. Mar. 12, 2018) (Smith, J.).

3) whether the deductions taken from Plaintiffs' pay violated Pennsylvania law;
5) whether Plaintiffs could obtain and maintain collective action certification in this case and/or obtain class certification; and
6) whether the Parties would appeal myriad legal or factual determinations, including collective action treatment, liability, and damages.

*See* Savytska Decl. (attached hereto as Exhibit B) ¶ 10. Accordingly, a *bona fide* dispute exists. The Parties' settlement agreement represents a compromised resolution on these issues, accounts for the risks of litigation, and provides certain and meaningful payment for the workers in this case.

As described above, the Settlement was the result of extensive written discovery and contested, arm's-length negotiations by counsel with extensive experience litigating these matters. *See* Savytska Decl. ¶ 9. Plaintiffs' Counsel believe that the negotiated Settlement provides an favorable outcome for the Settlement Collective Members. *Id.* ¶ 8. Based on the data exchanged by the Parties in discovery, Plaintiffs prepared a damages estimate in this case, which they used as the basis for settlement negotiations. *Id.* ¶ 10. The Gross Settlement Amount agreed upon represents a compromise amount that totals approximately 25% of the total damages calculated by Plaintiffs. *Id.* ¶ 10. This Settlement will result in significant compensation to the Plaintiffs for the work they performed for Defendant. *Id.* ¶ 10.

### 2. The Proposed Settlement Furthers the Purpose of the FLSA

Generally speaking, settlements further the FLSA's implementation where they lack "overly burdensome confidentiality agreements, overbroad release language, or sealed filings." *Travis v. Asociacion Puertorriquenos en Marcha, Inc.*, 2020 WL 4059715, at *6 (E.D. Pa. Jul. 20, 2020) (internal quotations omitted). The instant settlement avoids such pitfalls. The release is narrowly tailored to the claims at issue and there are no confidentiality or non-disparagement clauses, or other terms that Courts have found problematic in a collective action settlement.

Indeed, the Settlement furthers the purposes of the FLSA by providing Plaintiffs with a substantial recovery for their alleged unpaid wages, that, because of the lack of bargaining power inherent in employer-employee relationships[2], they may have otherwise been unable to recover.[3] Accordingly, the Settlement furthers the purposes of the FLSA.

**B.    The Service Award to Plaintiff Perry is Proper**

The Court should find that the proposed service award of $5,000.00 to Plaintiff Perry is proper. It is particularly appropriate to compensate a named Plaintiff where, as here, he has actively assisted Plaintiffs' Counsel in their prosecution of the matter, answering questions, providing documents, providing a declaration in support of conditional certification, and remaining actively engaged in the litigation. Savytska Decl. ¶14. Moreover, Plaintiff Perry took the significant risk of coming forward to represent the interests of his fellow delivery drivers. *Id.* ¶ 13. The proposed service award is fair and reasonable and is consistent with similar payments in similar cases.[4]

**C.    The Request for Plaintiffs' Counsel's Fees and Costs Should Be Approved**

Plaintiffs' Counsel's request for thirty percent of the Gross Settlement Amount, or %16,500.00, is also fair and reasonable, and consistent with fee awards in wage and hour matters

---

[2] To be clear, Defendant disputed that the Plaintiffs were employees of Defendant, which was one of the controversies in this action.

[3] *See* 29 U.S.C. § 202 (congressional finding and declaration of policy); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945) ("The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency....").

[4] *See, e.g., Hall v. Accolade, Inc.,* 2020 WL 1477688, at *10 (E.D. Pa. Mar. 25, 2020); (approving $10,000 service awards for named plaintiff in FLSA and PMWA action); *In re Cigna-Am. Specialty Health Admin. Fee Litig.*, 2019 WL 4082946, at *16 (E.D. Pa. Aug. 29, 2019) (approving service award in the amount of $10,000 to named plaintiffs, as "well within the range of awards made in similar cases").

in this Circuit and across the country. With respect to the Plaintiffs' FLSA claims, "the court shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *See Acevedo v. Brightview Landscapes, LLC*, 2017 WL 4354809, at *19 (M.D. Pa. Oct. 2, 2017).[5]

Under Third Circuit law, a court may evaluate the award of attorneys' fees through two established methods: (1) the lodestar approach; or (2) the percentage of the recovery approach. *In re Diet Drugs.,* 582 F.3d 524, 540 (3d Cir. 2009); *In re AT&T Corp.*, 455 F.3d 160, 164 (3d Cir. 2006). The "percentage of recovery is the prevailing method used by courts in the Third Circuit for wage and hour cases." *Diclemente v. Adams Outdoor Advert., Inc.*, 2016 WL 3654462, at *4 (M.D. Pa. July 8, 2016) (internal quotations and citations omitted); *Mabry v. Hildebrandt,* No. 14-cv-5525, 2015 WL 5025810 (E.D. Pa. Aug. 24, 2015) (same). The percentage of the recovery approach should accordingly be utilized here.

A district court may consider ten factors in determining a reasonable percentage:

(1) size of the fund created and the number of beneficiaries; (2) presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) risk of nonpayment; (6) amount of time devoted to the case by Plaintiffs' counsel; (7) awards in similar cases; (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations; (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained; and (10) any innovative terms of Settlement.

*In re Diet Drugs*, 582 F.3d at 541 (citations omitted). The Third Circuit stressed that these factors "need not be applied in a formulaic way. Each case is different, and in certain cases, one factor may outweigh the rest." *In re Rite Aid Corp. Sec. Litig.*, 396 F. 3d 294, 301 (3d Cir. 2005). These

---

[5] In addition to being entitled to reasonable attorneys' fees, the FLSA provides for the reimbursement of costs. *See* 29 U.S.C. § 216(b). Plaintiffs' Counsel in this case do not seek a separate award of costs.

factors support approval of the requested fee.

### 1. The Size of the Fund Created Supports the Requested Fee.

The Settlement achieved in this case does not create a "mega-fund." *Bredbenner*, 2011 WL 1344745, at *19; *see also Cendant*, 243 F.3d at 736-37. Moreover, the results obtained represent a significant benefit in the face of the many legal and factual risks posed by litigation. *See Maddy v. Gen. Elec. Co.*, 2017 WL 2780741, at *7 (D.N.J. June 26, 2017) ("[T]here is tremendous benefit to the Class Members in light of the stage of the litigation, the remaining hurdles prior to even arriving at a trial date, and the risks associated with continued litigation"). There is no claims process and Plaintiffs need not take any action in order to receive a settlement award. And as explained above, the Settlement reached is a compromise amount that totals approximately 25% of the Plaintiffs' damages in this case. Savytska Decl. ¶ 10. The Settlement is a favorable result, creates a substantial benefit for Plaintiffs, and is the product of significant work to achieve this result.

### 2. Awards in Similar Cases Supports the Requested Fee.

The requested fee is also consistent with awards in similar cases. Plaintiffs' Counsel's request for 30% of the Gross Settlement Fund is consistent with the norms of wage and hour class and collective litigation in this Circuit and across the country. *See, e.g., Fein v. Ditech Fin., LLC*, No. 5:16-CV-00660, 2017 WL 4284116, at *12 (E.D. Pa. Sept. 27, 2017) (noting that "courts often find a benchmark of one-third of the settlement fund appropriate" and approving attorney fee award of one-third settlement fund in wage and hour matter).[6] Accordingly, the fees approved in

---

[6] In the Third Circuit, "[s]cores of cases exist where fees were awarded in the one-third to one-half of the settlement fund." *In re AremisSoft Corp. Sec. Litig.*, 210 F.R.D. 109, 134 (D.N.J. 2002);*Grier v. Chase Manhattan Auto. Fin. Co*., No. 99–180, 2000 WL 175126, at *8 (E.D. Pa. Feb. 16, 2000) (approving attorneys' fees amounting to one-third of the net settlement fund after

similar cases further support the requested fee here.

### 3. Plaintiffs' Response Supports the Requested Fee.

Plaintiffs deem this settlement fair and reasonable, and have ratified it through their signatures on the Settlement Agreement. As a result of the work performed by Plaintiffs' Counsel, each of them will receive a substantial recovery. The benefit that has been created for individuals who either did not have the means or resources to bring their own claims supports the requested fee.

### 4. The Skill and Efficiency of Plaintiffs' Counsel, as well as the Time and Labor Expended, Support the Requested Fee.

When approving requests for attorneys' fees, courts have considered "the quality of the result achieved, the difficulties faced, the speed and efficiency of the recovery, the standing, experience and expertise of the counsel, the skill and professionalism with which counsel prosecuted the case and the performance and quality of opposing counsel." *Chemi*, 2009 WL 1470429, at *11; *accord Maddy*, 2017 WL 2780741, at *7. Courts have found that settlement of an action in the early stages of litigation is a sign that, overall, Plaintiffs' Counsel performed their work with skill and efficiency. *Bredbenner*, 2011 WL 1344745, at *20 (noting that early settlement is a sign of efficient plaintiff's counsel). Plaintiffs' Counsel in this case have significant experience in employment law and class and collective actions, as well as in cases involving delivery drivers. *See* Savytska Decl. ¶¶ 3, 5-6. This settlement was made possible by Plaintiffs' Counsel's efforts in pursuing and bringing to resolution this and other matters involving similar claims, factual

---

deducting costs); *see also Mabry*, 2015 WL 5025810, at *4; *Creed*, 2013 WL 5276109, at *6 (determining that "an award of one-third of the settlement is consistent with similar settlements throughout the Third Circuit"); Bredbenner, 2011 WL 1344745, at *18–19 (approving an award of 32.6% of the settlement fund); *Acevedo*, 2017 WL 4354809, at *19 ("a request of 'one-third of the settlement fund comports with privately negotiated contingent fees negotiated on the open market.'") (quoting *Brumley*, 2012 WL 1019337, at *12).

13074518.1

investigations, strategy, and legal theories. *Id.*

Plaintiffs' Counsel have undertaken its representation of Plaintiffs on a contingency basis, which presents a very real risk, as Plaintiffs' Counsel have invested time, effort, and money over many months with no guarantee of any recovery. By permitting clients to obtain attorneys without having to pay hourly fees, contingent fee arrangements provide critical access to the courts for people who otherwise would not be able to find competent counsel to represent them. The factors described herein warrant the Court's approval of the requested fee.

Additionally, while courts in the Third Circuit have engaged in a lodestar cross-check when approving fees under the percentage of the fund method, such a lodestar cross-check is "not necessarily determinative." *McDermid v. Inovio Pharmaceuticals, Inc.*, 2023 WL 227355 (E.D. Pa. Jan. 18, 2023) (citing *In re Baby Prods. Antitrust Litig.*, 708 F.3d at 179-80).[7] Nor does it "trump the primary reliance on the percentage of the common fund method." *In re Rite Aid*, 296 F.3d at 300. However, to the extent judicial review of plaintiffs' fee request in an FLSA settlement is required, a fee of 30% is reasonable and should be approved. Plaintiffs' Counsel have spent approximately 85 hours on this case, for a lodestar of $42,500.00. Savytska Decl. ¶ 16. This is far in excess of the $16,500.00 fee requested.

## V. CONCLUSION

Plaintiffs respectfully request that the Court grant this Motion.

---

[7] *See also Moore v. GMAC Mortg.*, 2014 WL 12538188, at *2 (E.D. Pa. Sept. 19, 2014) ("The lodestar cross-check is 'suggested,' but not mandatory.").

Dated: June 5, 2025                    Respectfully submitted,

/s/ Olena Savytska

Harold L. Lichten (*pro hac vice*)
Olena Savytska (*pro hac vice*)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com

Sarah Schalman-Bergen
(PA Bar ID 206211)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (267) 256-9973
ssb@llrlaw.com

Ravi Sattiraju (*pro hac vice*)
SATTIRAJU & THARNEY, LLP
50 Millstone Road
Building 300, Suite 202
East Windsor, NJ 08520
(609) 469-2110
rsattiraju@s-tlawfirm.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF CONCURRENCE**

Pursuant to Local Rule 7.1(b), I certify that I have conferred with counsel for Defendants, and Defendants do not contest this Motion.

Dated: June 5, 2025                                  */s/ Olena Savytska*
                                                                  Olena Savytska


## **CERTIFICATE OF SERVICE**

I served a copy of this document on all counsel of record via the Court's ECF system on June 5, 2025.

                                                                  */s/ Olena Savytska*
                                                                  Olena Savytska

13074518.1